# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **NINE PARCELS OF REAL PROPERTY IN HOWARD COUNTY, MISSOURI**, <br><br> Defendant. | Civil No. 24- |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Teresa A. Moore, United States Attorney for the Western District of Missouri, and Anthony M. Brown, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of Title 18, United States Code Sections 981(a)(1)(A) and (a)(1)(C).

## THE DEFENDANT IN REM

2. The Defendant Property consists of multiple parcels of real property in Howard County, Missouri, described[1] as follows (hereinafter "Parcels (a) through (i)"):

---

[1] The full legal descriptions of each parcel are attached as Exhibit A to this Complaint and are incorporated by reference.

a. Parcel #09-5.0-16-000-000-004.020 - Section 16 Township 51 Range 14 85.81 AC +- IN THE W 1/2 OF SEC 16 TWN 51RNG 14 ALL LYING S OF CO RD 128, incorporated as Tract 1 in Exhibit A;

b. Parcel #09-4.0-17-000-000-008.020 - Section 17 Township 51 Range 14 0232-02 SAC OFF E PT NW1/4 OF SE1/4; NE1/4 OF SE1/4 LESS 1.01 AC M/L LESS 20 AC M/L, incorporated as Tract 1 in Exhibit A;

c. Parcel #09-5.0-21-000-000-001.040 - Section 21 Township 51 Range 14 5 AC +- IN THE NE QTR OF THE NW QTR OFSEC 21 TWN 51 RNG 14, incorporated as Tract 1 in Exhibit A;

d. Parcel #09-5.0-16-000-000-004.040 - Section 16 Township 51 Range 14 80.90 AC +- IN THE NW & SW QTRS OFSEC 16 TWN 51 RNG 14 ALL LYING S OF CO RD 128, incorporated as Tract 2 in Exhibit A;

e. Parcel #09-5.0-16-000-000-004.010 – Section 16 Township 51 Range 14 0243-00 BEG AT SE COR SW NE TH N 800' TO CO RD; THWLY ALONG RD TO MO ITEAU CREEK; TH SLY AONG CREEK, incorporated as Tract 3 in Exhibit A;

f. Parcel #09-5.0-16-000-000-002.000 – Section 16 Township 51 Range 14 0244-00 Nl/2 SE LYING E OF MONITEAU CK & SE NE LYING S OF CO RD, incorporated as Tract 4 in Exhibit A;

g. Parcel #09-5.0-15-000-000-005.000 - Section 15 Township 51 Range 14 0255-00 SW NW S OF CO RD & W 100' OF NW SW, incorporated as Tract 4 in Exhibit A;

    h. Parcel #09-5.0-16-000-000-004.000 - Section 16 Township 51 Range 14, 0243-00 N 1/2 SW 1/4; N 1/2 OF NW 1/4; SW 1/4 OFNW 1/4; NW 1/4 OF SE 1/4 LYING W OF MONITEAU CREEK, incorporated as Tract 5 as Exhibit A; and

    i. Parcel #09-2.0-09-000-000-007.000 – Section 09 Township 51 Range 14 0292-00 Sl/2 SW; THAT PT SE SW LYIN G S OF BR; PTSW SE BEG SW COR SE H E 868' TO MONITEAU CK TH N, incorporated as Tract 5 in Exhibit A.

3. The record owners of these parcels are Megan Dougherty, Harry Marshall Dougherty, Harry A. Dougherty, and Brenda J. Dougherty.

4. Prior to the current record owners refinancing the parcels, Cane B. Cattle Company, LLC was a record owner along with the current owner of these parcels and is a potential interested party.

5. The Defendant Property has not been seized but is located within the jurisdiction of the Court as described below. The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a. Post notice of this action and a copy of the Complaint on the Defendant Property, and

    b. Serve notice of this action on the owners of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint, and

    c. File a *Lis Pendens* against the Defendant Property.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 981(a)(1)(C).

7. This Court has *in rem* jurisdiction over the Defendant Property, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district.

8. Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district. Also, venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because this action accrued in this district and the Defendant Property are found in this district.

## BASIS FOR FORFEITURE

9. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a transaction or attempted transaction, in violation of 18 U.S.C. § 1957 or are traceable to such property.

10. The Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or was derived from proceeds traceable to offenses constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), that is bank fraud.

### Fraudulent Scheme

11. As alleged below, at least as early as in or about 2008, and continuing to in or about October 2023, Megan Dougherty ("Dougherty") devised a scheme and artifice to defraud her employer, Exchange Bank of Missouri ("EBOM"), and the customers thereof, by embezzling money from EBOM customer accounts.

12. Dougherty unlawfully transferred money held in EBOM customers' bank accounts or certificate of deposit ("CD") accounts into an account at EBOM held by Dougherty, including accounts #xx3026 and #xx6011.

13. Further, Dougherty concealed her scheme by mislabeling the description of the debits from the victimized accounts, and the corresponding credits deposited into her accounts, to make these fraudulent transactions appear legitimate.

14. Dougherty concealed her scheme by creating fictious account statements, reporting the amount that should have been in the victimized accounts, and would mail these fabricated statements to the victimized EBOM customers.

15. Dougherty further concealed her scheme by transferring money from EBOM's general ledger account into a victimized customer's account. At the end of the day, Dougherty would transfer money from a customer's account into the general ledger account to reconcile the withdrawal from the general ledger account.

16. Upon discovering Dougherty's scheme in October 2023, Dougherty was terminated by EBOM and EBOM reimbursed a total of $2,393,288.88 to the EBOM customer accounts from which she embezzled.

**Purchase of Defendant Property With Fraud Proceeds**

17. From an unknown date to at least October 2023, Dougherty comingled embezzled funds with other sources of income in her personal bank accounts.

18. Dougherty then used these comingled funds to purchase, improve, and pay taxes on the Defendant Property.

19. On October 10, 2018, Dougherty and Harry M. Dougherty financed the purchase of Parcels (a) through (g) with a $500,888.25 loan (#xxx6019) from EBOM.

a. On October 13, 2020, Dougherty deposited $37,000.00 from EBOM CD account #x3046 in the name of F.H., without the account holder's authorization, into Dougherty's EBOM account #xx3026.

b. On that same day, $35,770.00 was debited from Dougherty's EBOM account #xx3026 and applied towards EBOM loan #xxx6019.

c. On October 12, 2021, Dougherty deposited $50,000.00 from EBOM CD account #x3072 in the name of S.M., without the account holder's authorization, into Dougherty's EBOM account #xx3026.

d. On that same day, $35,770.00 was debited from Dougherty's EBOM account #xx3026 and applied towards EBOM loan #xxx6019.

20. A machine shop with concrete floors was built on Parcel (h) in 2021. As set forth below, funds used to pay for the construction of the machine shop are traceable to the fraud:

a. On November 5, 2021, Dougherty deposited $10,500.29 from EBOM CD account #x1230 in the name of F.H., without the account holder's authorization, into Dougherty's EBOM account #xx3026.

b. On that same date, check #2488 payable to "Boone Quarries" with "rock & concrete for shop" written in the memo line, for $6,946.87 was debited from Dougherty's EBOM account #xx3026.

c. On November 15, 2021, Dougherty deposited $10,500.62 from EBOM CD account #x3030 in the name of S.M., without the account holder's authorization, into Dougherty's EBOM account #xx3026.

d. On that same date, check #2582 payable to "Harry Tipton" with "60 x 104 pad & (*illegible*)" written in the memo line for $11,853.00 was debited from Dougherty's EBOM account #x3026.

  e. Harry Tipton reported that the payment was for labor to pour a concrete pad for a machine stop built adjacent to Dougherty's residence.

21. Further, funds used to pay for property taxes on the Defendant Property are traceable to the fraud:

  a. On December 30, 2022, Dougherty made two deposits totaling $5,873.62 from EBOM CD account #x3401, in the name of I.W., without the account holder's authorization, into Dougherty's EBOM account #xx6011.

  b. On that same date, check #2398 payable to "HoCo Collector" for $5,842.27 was debited from Dougherty's EBOM account #xx6011.

  c. Howard County, Missouri, Collector's Office receipts document that this payment was applied toward a portion of the 2022 property taxes for the Defendant Property.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF

22. The Plaintiff repeats and incorporates by reference the paragraphs above.

23. By the foregoing and other acts, the Defendant Property was involved in transactions or attempted transactions, in violation of 18 U.S.C. § 1957, or is property traceable to such property, and therefore is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR RELIEF

24. The Plaintiff repeats and incorporates by reference the paragraphs above.

25. By the foregoing and other acts, the Defendant Property constitutes, or was derived from, proceeds traceable to violations of Title 18, United States Code, Section 1344, that is, bank fraud, and therefore is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE the United States prays that the Defendant Property be forfeited to the United States, that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

**TERESA A. MOORE**
United States Attorney

*/s/ Anthony M. Brown*
ANTHONY M. BROWN
Assistant United States Attorney
Missouri Bar No. 62504
901 East St. Louis Street
Suite 500
Springfield, Missouri 65806
(417) 575-8167
E-mail: Anthony.Brown2@usdoj.gov

# VERIFICATION

I, Special Agent Sean McDermott, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the factual matters contained in paragraphs 11 through 21 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 05-28-2024

/s/ *Sean McDermott*
Sean McDermott
Special Agent
Federal Bureau of Investigation